THOMPSON•KRONE, P.L.C.
3430 East Sunrise Drive, Suite 110
Tucson, AZ 85718
Telephone: (520) 884-9694
Facsimile: (520) 323-4613
Evan L. Thompson, PCC: 65072, State Bar No. 017064
Evan@thompsonkrone.com
*Attorney for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Sunland Asphalt & Construction, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> Blas Verdugo, an individual; Thomas Franks, an individual; Eldon Doughty, an individual; Alliance Asphalt of Arizona, LLC, an Arizona Limited Liability Company; and John and Jane Does, 1 Through 10, <br><br> Defendants. <br><br> Eldon Doughty, an individual, <br><br> Counterclaimant, <br><br> vs. <br><br> Sunland Asphalt & Construction, LLC, a Delaware limited liability company, <br><br> Counterdefendant. | Case No.: 4:22-cv-00011-RM <br><br><br> **ANSWER TO SECOND AMENDED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF AND REALLEGED COUNTERCLAIM** |

Defendants, Blas Verdugo, Thomas Franks, Eldon Doughty, and Alliance Asphalt

Of Arizona, LLC (hereinafter collectively referred to as "Defendants"), by and through

their counsel undersigned, hereby answer Plaintiff Sunland Asphalt & Construction, LLC's First Amended Complaint for Injunctive and Other Relief as follows:

## INTRODUCTION

1.     With respect to the allegations contained within Paragraph 1 of the Complaint Defendants do not have sufficient information to either admit or deny the allegations and therefore deny the same.

2.     Defendants deny the allegations contained within Paragraph 2 of the Complaint.

3.     Defendants deny the allegations contained within Paragraph 3 of the Complaint.

4.     Defendants deny the allegations contained within Paragraph 4 of the Complaint.

## PARTIES, JURISDICTION & VENUE

5.     With respect to the allegations contained within Paragraph 5 of the Complaint Defendants do not have sufficient information to either admit or deny the allegations and therefore deny the same.

6.     Defendants admit the allegations contained within Paragraph 6 of the Complaint.

7.     Defendants admit the allegations contained within Paragraph 7 of the Complaint.

8.     Defendants admit the allegations contained within Paragraph 8 of the Complaint.

2

9.      Defendants deny the allegations contained within Paragraph 9 of the Complaint.

10.     Defendants deny the allegations contained within Paragraph 10 of the Complaint.

11.     Defendants deny the allegations contained within Paragraph 11 of the Complaint.

## **GENERAL ALLEGATIONS**

12.     With respect to the allegations contained within Paragraph 12 of the Complaint Defendants do not have sufficient information to either admit or deny the allegations and therefore deny the same.

13.     With respect to the allegations contained within Paragraph 13 of the Complaint Defendants do not have sufficient information to either admit or deny the allegations and therefore deny the same.

14.     With respect to the allegations contained within Paragraph 14 of the Complaint Defendants do not have sufficient information to either admit or deny the allegations and therefore deny the same.

15.     With respect to the allegations contained within Paragraph 15 of the Complaint Defendants do not have sufficient information to either admit or deny the allegations and therefore deny the same.

16.     With respect to the allegations contained within Paragraph 16 of the Complaint Defendants do not have sufficient information to either admit or deny the allegations and therefore deny the same.

17.     Defendants deny the allegations contained within Paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained within Paragraph 18 of the Complaint.

19.     With respect to the allegations contained within Paragraph 19 of the Complaint Defendants do not have sufficient information to either admit or deny the allegations and therefore deny the same.

20.     Defendants admit that Franks began his employment with Ace Asphalt on May 31, 1988, Defendants deny all other allegations contained in Paragraph 20 of the Complaint.

21.     Defendant Franks has no recollection if "As a condition of his employment" he entered into the Franks Agreement and therefore denies the same the balance of the quoted portions of the Franks Agreement Defendants admit that the terms quoted are those as stated in the Franks Agreement attached as Exhibit A to the Complaint.

22.     Defendants admit that Franks voluntarily resigned his position on August 31, 2021 and denies citing personal reasons for his separation.

23.     Defendants admit that Doughty began his employment with Ace Asphalt on October 13, 2014, Defendants deny all other allegations contained in Paragraph 23 of the Complaint.

24.     Defendants admit that Doughty voluntarily resigned his position on September 4, 2021 and denies indicating he had another job.

25.     Defendants admit that Verdugo began his employment with Ace Asphalt on January 7, 1991, Defendants deny all other allegations contained in Paragraph 25 of the Complaint.

26.     Defendant Verdugo has no recollection if "As a condition of his employment" he entered into the Verdugo Agreement and therefore denies the same the balance of the quoted portions of the Verdugo Agreement Defendants admit that the terms quoted are those as stated in the Verdugo Agreement attached as Exhibit B to the Complaint.

27.     Defendants deny the allegations contained within Paragraph 27 of the Complaint.

28.     Defendants admit that Verdugo voluntarily resigned his position on or around August 9, 2021 and deny all the remainder of the claims in Paragraph 28 of the Complaint.

29.     Defendants admit that Verdugo requested a meeting on or around August 3, 2021 and stated that he had health reasons for wanting to end his employment and deny all other allegations contained in Paragraph 29 of the Complaint.

30.     Defendants admit that Sunland offered Verdugo FMLA leave and deny that Verdugo ever agreed to take the offered FMLA leave.

31.     Defendants deny Verdugo subsequently changed his position and told Sunland that FMLA would not work and admit that Verdugo terminated his employment.

32.     Defendants deny the allegations contained within Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained within Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained within Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained within Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained within Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained within Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained within Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained within Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained within Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained within Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained within Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained within Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained within Paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained within Paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained within Paragraph 46 of the Complaint.

47.     Defendants admit that on or around October 11, 2021, Verdugo contacted a Sunland mechanic and solicited him to work on equipment, Defendants deny that it was Defendants' equipment and admit that Verdugo offered to pay the mechanic in cash for his work.

48.     Defendants deny the allegations contained within Paragraph 48 of the Complaint.

49.     Defendants admit that Sunland previously demanded in writing that the individual Defendants cease and desist from all such unlawful conduct and Defendants deny all other allegations contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained within Paragraph 50 of the Complaint.

**COUNT I**
**(VIOLATION OF DEFEND TRADE SECRETS ACT)**
**(Against All Defendants)**

51.     Defendants incorporate each of their responses to the foregoing allegations as if fully set forth herein.

52.     Defendants deny the allegations contained within Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained within Paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained within Paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained within Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained within Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained within Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained within Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained within Paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained within Paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained within Paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained within Paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained within Paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained within Paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained within Paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained within Paragraph 66 of the Complaint.

## COUNT II
## (VIOLATION OF ARIZONA UNIFORM TRADE SECRET ACT)
### (Against All Defendants)

67.     Defendants incorporate each of their responses to the foregoing allegations as if fully set forth herein.

68.     Defendants deny the allegations contained within Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained within Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained within Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained within Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained within Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained within Paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained within Paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained within Paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained within Paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained within Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained within Paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained within Paragraph 79 of the Complaint.

**COUNT III**
**(VIOLATION OF RICO SECTION 1962(b))**
**(Against All Defendants)**

80.     Defendants incorporate each of their responses to the foregoing allegations as if fully set forth herein.

81.     Defendants deny the allegations contained within Paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained within Paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained within Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained within Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained within Paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained within Paragraph 86 of the Complaint.

## COUNT IV
## (VIOLATION OF RICO SECTION 1962(c))
### (Against All Defendants)

87.     Defendants incorporate each of their responses to the foregoing allegations as if fully set forth herein.

88.     Defendants deny the allegations contained within Paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained within Paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained within Paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained within Paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained within Paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained within Paragraph 93 of the Complaint.

**COUNT V**
**(VIOLATION OF RICO SECTION 1962(d))**
**(Against All Defendants)**

94.     Defendants incorporate each of their responses to the foregoing allegations as if fully set forth herein.

95.     Defendants deny the allegations contained within Paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained within Paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained within Paragraph 97 of the Complaint.

98.     Defendants deny the allegations contained within Paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained within Paragraph 99 of the Complaint.

100.   Defendants deny the allegations contained within Paragraph 100 of the Complaint.

**COUNT VI**
**(BREACH OF FIDUCIARY DUTY/BREACH OF DUTY OF LOYALTY)**
**(Against All Individual Defendants)**

101.    Defendants incorporate each of their responses to the foregoing allegations as if fully set forth herein.

102.    Defendants deny the allegations contained within Paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained within Paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained within Paragraph 104 of the Complaint.

105.    Defendants deny the allegations contained within Paragraph 105 of the Complaint.

106.    Defendants deny the allegations contained within Paragraph 106 of the Complaint.

107.    Defendants deny the allegations contained within Paragraph 107 of the Complaint.

## COUNT VII
### (TORTIOUS INTERFERENCE WITH CONTRACT BUSINESS RELATIONSHIPS AND BUSINESS EXPECTANCY)
### (Against All Defendants)

108.    Defendants incorporate each of their responses to the foregoing allegations as if fully set forth herein.

109.    With respect to the allegations contained within Paragraph 109 of the Complaint Defendants do not have sufficient information to either admit or deny the allegations and therefore deny the same.

110.   Defendants deny the allegations contained within Paragraph 110 of the Complaint.

111.   Doughty and Franks admit that they helped their employer prepare bids for projects and interacted with company customers and deny all other allegations contained in Paragraph 111 of the complaint.  Verdugo denies all allegations in Paragraph 111 of the Complaint.

112.   Defendants deny the allegations contained within Paragraph 112 of the Complaint.

113.   Defendants deny the allegations contained within Paragraph 113 of the Complaint.

114.   Defendants deny the allegations contained within Paragraph 114 of the Complaint.

115.   Defendants deny the allegations contained within Paragraph 115 of the Complaint.

**COUNT VIII**
**(CONVERSION)**
**(Against All Defendants)**

116.   Defendants incorporate each of their responses to the foregoing allegations as if fully set forth herein.

117.   Defendants deny the allegations contained within Paragraph 117 of the Complaint.

118.   Defendants deny the allegations contained within Paragraph 118 of the Complaint.

119.    Defendants deny the allegations contained within Paragraph 119 of the Complaint.

120.    Defendants deny the allegations contained within Paragraph 120 of the Complaint.

121.    Defendants deny the allegations contained within Paragraph 121 of the Complaint.

122.    Defendants deny the allegations contained within Paragraph 122 of the Complaint.

**COUNT IX**
**(UNJUST ENRICHMENT)**
**(Against All Defendants)**

123.    Defendants incorporate each of their responses to the foregoing allegations as if fully set forth herein.

124.    Defendants deny the allegations contained within Paragraph 124 of the Complaint.

125.    Defendants deny the allegations contained within Paragraph 125 of the Complaint.

126.    Defendants deny the allegations contained within Paragraph 126 of the Complaint.

127.    Defendants deny the allegations contained within Paragraph 127 of the Complaint.

128.    Defendants deny the allegations contained within Paragraph 128 of the Complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNT X**
**(BREACH OF CONTRACT)**
**(Against Franks and Verdugo)**

129.    Defendants incorporate each of their responses to the foregoing allegations as if fully set forth herein.

130.    Defendants deny that as a condition of employment and continued employment that Franks and Verdugo entered into the agreements with Sunland or Sunland's predecessor in interest, which are intended to protect Sunland's trade secrets, confidential information, and business.   Defendants admit that there are agreements attached as Exhibits A and B.

131.    Defendants deny the allegations contained within Paragraph 131 of the Complaint.

132.    With respect to the allegations contained within Paragraph 132 of the Complaint Defendants do not have sufficient information to either admit or deny the allegations and therefore deny the same.

133.    Defendants deny the allegations contained within Paragraph 133 of the Complaint.

134.    Defendants admit that the Franks Agreement states the quoted portion contained in Paragraph 134.

135.    Defendants admit that the Verdugo Agreement states the quoted portion contained in Paragraph 135.

1  
2  
3  
4

136.    Defendants deny that Franks is under express non-compete and non-solicitation requirements and admit that the Franks Agreement states the quoted portion contained in Paragraph 136.

5  
6  
7  
8

137.    Defendants deny that Verdugo's agreement prohibited solicitation of Sunland's employees and admit that the Verdugo Agreement states the quoted portion contained in Paragraph 137.

9  
10

138.    Defendants deny the allegations contained within Paragraph 138 of the Complaint.

11  
12  
13

139.    Defendants deny the allegations contained within Paragraph 139 of the Complaint.

14  
15  
16

140.    Defendants deny the allegations contained within Paragraph 140 of the Complaint.

17  
18

141.    Defendants deny the allegations contained within Paragraph 141 of the Complaint.

19  
20  
21

142.    Defendants deny the allegations contained within Paragraph 142 of the Complaint.

22  
23

143.    Defendants deny the allegations contained within Paragraph 143 of the Complaint.

24  
25  
26

144.    Defendants deny the allegations contained within Paragraph 144 of the Complaint.

27  
28

145.    Defendants deny the allegations contained within Paragraph 145 of the Complaint.

146.   Defendants deny the allegations contained within Paragraph 146 of the Complaint.

147.   Defendants deny the allegations contained within Paragraph 147 of the Complaint.

148.   Defendants deny the allegations contained within Paragraph 148 of the Complaint.

149.   Defendants deny the allegations contained within Paragraph 149 of the Complaint.

## COUNT XI
## (BREACH OF GOOD FAITH AND FAIR DEALING)
### (Against Franks and Verdugo)

150.   Defendants incorporate each of their responses to the foregoing allegations as if fully set forth herein.

151.   Defendants deny the allegations contained within Paragraph 151 of the Complaint.

152.   Defendants deny the allegations contained within Paragraph 152 of the Complaint.

153.   Defendants deny the allegations contained within Paragraph 153 of the Complaint.

154.   Defendants deny the allegations contained within Paragraph 154 of the Complaint.

155.   Defendants deny the allegations contained within Paragraph 155 of the Complaint.

156.    Defendants deny the allegations contained within Paragraph 156 of the Complaint.

### GENERAL DENIAL

157.    Defendants deny each and every allegation not specifically admitted herein.

### AFFIRMATIVE DEFENSES

The First Amended Complaint for Injunctive and Other Relief fails to state any claim for which relief may be granted.

Discovery has not yet been conducted in this matter; Defendants respectfully request leave to amend this Answer in the event facts revealed through discovery form a basis for pleading any of the affirmative defenses set forth pursuant to Rules 8(c) and 12, Federal Rules of Civil Procedure, and all the following affirmative defenses which may or may not be contained therein: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, comparative fault, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, merger of contract, non-party at fault, lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, failure to join all persons needed for a just adjudication, multiplicity of suits and pendency of  other actions, abatement, set-off, failure to mitigate damages, collateral estoppel, privilege, immunity, novation, statutory exemption, conditions precedent, indemnification, standing and impracticability.

**WHEREFORE**, Defendants, Blas Verdugo, Thomas Franks, Eldon Doughty, and Alliance Asphalt of Arizona, LLC, respectfully request the following relief:

A.     That Plaintiff's First Amended Complaint be dismissed with prejudice and that Plaintiff be ordered to take nothing thereby;

B.     That Defendants be awarded their attorneys' fees;

C.     That Defendants be awarded their court costs incurred herein;

D.     That Defendants be awarded such other and further relief as the Court deems necessary; and

E.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a jury trial on issues triable by a jury.

## RE-ALLEGED COUNTERCLAIM

Counterclaimant, Eldon Doughty ("Doughty"), by and through counsel undersigned, alleges the following against counterdefendant Sunland Asphalt & Construction, LLC.

## PARTIES, JURISDICTION, AND VENUE

1.     Upon information and belief Sunland is a Delaware limited liability company, with its corporate offices located in Maricopa County, Arizona.

2.     Doughty is a resident of Pima County, Arizona, and during all relevant periods worked in Arizona.

3.     This Court currently has supplemental jurisdiction over this related counterclaim in accordance with 28 U.S.C §1367.

4.     This Court has personal jurisdiction over Counterdefendant, and venue is proper in this district under 28 U.S.C. § 1391(b)(1) as the Counterdefendant conducts business within this district.

## FACTUAL ALLEGATIONS

5.     Counterclaimant incorporates each of his responses to the foregoing allegations as if fully set forth herein.

6.     Doughty worked as an employee in the position of sales person for Ace Asphalt which is Counterdefendants predecessor in interest from October 13, 2014 through September 4, 2021.

7.     As a salesperson for Ace Asphalt a portion of Doughty's pay was made in the form of commissions earned at the time a job was completed and billed.

8.     During the month of August 2021, Doughty's sold jobs were performed by Sunland and the same were billed to the customer.

9.      At the time of Doughty's departure from employment with Sunland, his newly appointed sales manager confirmed that a commission was owed and that he would look into getting that paid.

10.    Sunland, as of the date hereof, has failed and refused to pay Doughty the commission earned and owing.

## COUNT I
## (VIOLATION OF A.R.S. §23-353)

11.    Counterclaimant incorporates each of his responses to the foregoing allegations as if fully set forth herein.

21

12.     Pursuant to A.R.S. §23-353(B) Sunland was required to pay Doughty the wages due him no later than the regular payday for the pay period during which the termination occurred. If requested by the employee, such wages shall be paid by mail.

13.     Sunland has failed and refused to pay Doughty the commissions properly earned and owed at the time of his resignation in direct violation of A.R.S. §23-353(B).

14.      Pursuant to A.R.S. §23-355(A) Doughty is entitled to receive treble the amount of the wages owed.

**WHEREFORE**, Counterclaimant, Eldon Doughty respectfully requests that the Court enter Judgment on his behalf and against Counterdefendant, Sunland Asphalt & Construction, LLC:

A.     That the Court award Counterclaimant treble his wages owing in an amount to be proven at trial;

B.     That Counterclaimant be awarded his attorneys' fees;

C.     That Counterclaimant be awarded his court costs incurred herein; and

D.     That Counterclaimant be awarded such other and further relief as the Court deems just, reasonable, and proper.

RESPECTFULLY SUBMITTED this 7th day of April, 2022.


THOMPSON•KRONE, P.L.C.


By: /s/ Evan L. Thompson
        Evan L. Thompson
        *Attorney for Defendants/*
        *Counterclaimant*

**CERTIFICATE OF SERVICE**

Original electronically filed and copies of the foregoing served via the Court's CM/ECF Notification System this 7th day of April, 2022, to all Electronic Case Filing Participants listed below:

L. Eric Dowell
Joseph T. Cless
Brendan A. Melander
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 E. Camelback Road, Suite 800
Phoenix, AZ 85016
eric.dowell@ogletree.com
joe.clees@ogletree.com
brendan.melander@ogletree.com

Matthew S. Disbrow
HONIGMAN, LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
mdisbrow@honigman.com
*Attorneys for Plaintiff Sunland Asphalt & Construction, LLC*


  /s/ Melissa Flores